No. 441

No. 19563—State of Ohio v. Henry Joseph. Error to the Hamilton Appeals.

511. FALSE PRETENSES—1. Proof that money obtained by was by check not a variance.

2. Intent to defraud must be alleged in indictment, but where stated as to obtaining the property, need not be repeated, in respect to intent of unlawfully obtaining.

MARSHALL, C. J.

1. On trial upon an indictment for obtaining money by false pretenses under Section 13104, General Code, proof that the money so obtained was paid to the accused by check does not constitute a variance.

2. An intent to defraud is an essential element of the crime of obtaining property by false pretenses as defined in Section 13104, General Code, and such intent to defraud must be alleged in the indictment. It is sufficient, however, to allege the intent to defraud in connection with the allegation of making false pretenses, and where the indictment alleges that the property was obtained by means of such false pretense it is not necessary to repeat the allegation of fraudulent intent in connection with the allegation of unlawfully obtaining the property.

(State vs Mutchler, 87 Ohio Street, 268, overruled.)

Judgment reversed.

Jones, Matthias, Day, Allen and Kinkade, JJ., concur.

---

No. 442

No. 19608—Leland Romberger vs Ray Curl et al, commissioners, and Roy Miller, as auditor of Morrow County, Ohio. Error to the Court of Appeals of Morrow County.

420. DRAINS AND DITCHES—1. Statutory jurisdiction of county commissioners to construct, invoked only by petition.

2. Function of petition spent when finding has been made.

3. Where finding is for the ditch, jurisdiction is continuous, and mistakes may be corrected.

4. Jurisdiction of commissioners divested where finding is against it, and cannot be reinvested.

ROBINSON, J.

1. The jurisdiction of a board of county commissioners, under Part Second, Title III, chapter one, General Code, as codified 108 Ohio Laws, Part 1, page 926 and succeeding pages, to construct a county ditch improvement, can be invoked only by petition.

2. Such petition has performed its function when a board of county commissioners has found either for or against such improvement.

3. When a board of county commissioners has found for a county ditch improvement, its jurisdiction over such improvement is a continuing jurisdiction and it has the power to correct its own jurisdictional mistakes.

4. When a board of county commissioners has found against a county ditch improvement, it has divested itself of all jurisdiction in the premises and is without power to reinvest itself with such jurisdiction.

Judgment reversed.

Jones, Matthias, Day, Allen and Kinkade, JJ., concur.

---

No. 443

No. 19670—Logan Gas Co. vs Public Utilities Commission of Ohio. Error to the Public Utilities Commission of Ohio.

973. PUBLIC UTILITIES—Where increase of rate is desired by a public utility; and suspension of the new rate schedule by Commission, the propriety of the new rates to be decided on final hearing, the utility cannot file a new changed schedule after the suspension period.

ALLEN, J.

Under Sections 614-18 and 614-20, General Code, whenever a public utility has filed with the Public Utilities Commission a schedule effecting an increase in its rates, and when the Commission has ordered that a hearing be entered upon concerning the propriety of such rates, and the Commission pending the hearing has suspended the operation of such schedule, and when it appears that such hearing can not be concluded within the period of suspension, and the public utility has filed with the Commission a bond approved by the Commission guaranteeing repayment with interest to all the consumers of such portion of such increased rates collected by such utility, as the Commission upon final hearing may determine to have been unreasonable or excessive, such rates go into effect at the end of the period of suspension and the public utility is not authorized thereafter, during the pendency of the hearing, to file a new schedule effecting a change in the schedule of rates filed with the Commission and in effect at the time.

Order affirmed.

Marshall, CJ., Jones, Matthias, Day, Kinkade and Robinson, JJ., concur.

---

No. 444

No. 19759.—Nathan C. Hirsch vs Harry L. Conn, Superintendent of Insurance. Error to the Court of Appeals of Franklin County.

647. INSURANCE—1. Court of appeals not authorized to entertain action to take possession and conduct business of insurance company.

2. Where ultimate purpose is to dissolve the company, quo warranto is proper remedy, and court of appeals has proper jurisdiction thereof.

MARSHALL, C. J.

The court of appeals has no authority under section 634-2, General Code, to entertain an action to take possession of and conduct the business of an insurance company. Where the ultimate purpose of a proceeding is to oust an insurance corporation, the dissolution thereof and distribution of its assets being an incident thereto, the action is one in quo warranto and the court of appeals has jurisdiction thereof.

Judgment affirmed.

Day; Allen and Kinkade, JJ., concur.